UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

JAMES SHAW,

                      Plaintiff,

     -against-

THE CITY OF NEW YORK, Sergeant ABRAHAM BADILLO, Shield No. 568, Police Officer DAVID SAVELLA, Shield No. 4134, Police Officer ANTOINE GILKES, Shield No. 9869, Police Officer ANTHONY BOTTIGLIERE, Shield No. 13904, Police Officer JOHN MCMANUS, Shield No. 15975, Police Officer CHARLES ARNONE, Shield No. 3642, Police Officer JOHN and JANE DOE # 1 through 5 in their individual and official capacities as employees of the City of New York,

                      Defendants.

------------------------------------------------------------ X

**SECOND AMENDED COMPLAINT**

Jury Trial Demanded

15 CV 5140 (CBA)(MDG)

      Plaintiff, JAMES SHAW, by his attorney, Amy Rameau, Esq., alleges the following, upon information and belief, for this Complaint:

### INTRODUCTION

      1.    This is a civil rights action for money damages brought pursuant to 42U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and the common law of the State of New York, against the defendants mentioned above in their individual and official capacities, and against the City of New York.

      2.    On August 14, 2014, Defendants, Sergeant ABRAHAM BADILLO, Shield No. 568, Police Officer DAVID SAVELLA, Shield No. 4134, Police Officer ANTOINE GILKES, Shield No. 9869, Police Officer ANTHONY

BOTTIGLIERE, Shield No. 13904, Police Officer JOHN MCMANUS, Shield No. 15975, Police Officer CHARLES ARNONE, Shield No. 3642, Police Officer JOHN and JANE DOE # 1 through 5 (collectively, the "Defendants") unlawfully arrested Plaintiffs without probable cause and then assaulted and seriously injured them, all without any justification or due cause.

3. Plaintiffs seek compensatory and punitive damages and an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

4. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

5. This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

## JURISDICTION

6. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiffs also assert jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367. Plaintiffs request that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as Plaintiffs' federal claims.

## VENUE

7. Under 28 U.S.C. § 1391(b) and (c), venue is proper in the Eastern District of New York.

**PARTIES**

8. Plaintiff JAMES SHAW is at all material times residents of the City of New York, New York State, and of proper age to commence this lawsuit.

9. Defendant Police Officer ABRAHAM BADILLO, Shield No. 568 ("BADILLO"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Badillo is sued in his individual and official capacities.

10. Defendant Badillo at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

11. Defendant Police Officer DAVID SAVELLA, Shield No. 568 ("Savella"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Savella is sued in his individual and official capacities.

12. Defendant Savella at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

13. Defendant Police Officer ANTOINE GILKES, Shield No. 9869 ("Gilkes"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Gilkes is sued in his individual and official capacities.

14. Defendant Gilkes at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

15. Defendant Police Officer ANTHONY BOTTIGLIERE, Shield No. 13904 ("Bottigliere"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Bottigliere is sued in his individual and

official capacities.

16. Defendant Bottigliere at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

17. Defendant Police Officer JOHN MCMANUS, Shield No. 15975 ("McManus"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant McManus is sued in his individual and official capacities.

18. Defendant McManus at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

19. Defendant Police Officer CHARLES ARNONE, Shield No. 3642 ("Arnone"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Arnone is sued in his individual and official capacities.

20. Defendant Arnone at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

21. Defendants JOHN and JANE DOE 1 through 5 were at all relevant times an officer employed by the N.Y.P.D., acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/ or the City of New York, and acting within the scope of his authority and employment. They are named here in his individual official capacities.

22. Defendant City of New York (hereinafter "The City") is, and was at all relevant times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City

4

operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of officers and supervisory officers, including the Defendants.

## FACTUAL ALLEGATIONS

23. Plaintiff is an African-American male.

24. On August 14, 2014, at approximately 5:00 p.m., Plaintiff was in the area of 1700 Bedford Avenue, when Defendants Badillo, Savella, Gilkes, Bottigliere, McManus and Arnone approached Plaintiffs without justification or provocation and assaulted Plaintiffs.

25. Plaintiff JAMES SHAW observed defendants interacting with another individual. When that individual took off running, the defendants became irate, turned around and grabbed Mr. Shaw causing him severe pain.

26. The defendants then dragged Plaintiff and transported him to the 71st Precinct.

27. At the precinct, the Defendants falsely informed members of the Kings County District Attorney's Office that they had observed Plaintiff committing various crimes.

28. At no point did the Defendants observe Plaintiff committing any crimes or offenses.

29. Ultimately, Plaintiff was taken from the precinct to Brooklyn Central Booking.

30. The assigned prosecutor thereafter incorporated SAVELLA's

5

false accusations against Plaintiff in the complaint, which SAVELLA signed.

31. On or about April 20, 2015, all charges against Plaintiff JAMES SHAW were dismissed and sealed.

32. As a result of the Defendants' actions, Plaintiff suffered serious physical injuries, mental and emotional harm of a permanent nature, loss of liberty, loss of reputation, and other damages.

## COUNT ONE
### False Arrest, New York State Tort Law Against All Defendants

33. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

34. The Defendants, individually and in concert, arrested, confined, caused the confinement, and/or continued the August 2014 confinement of Plaintiff without any privilege whatsoever, with the intent to confine, or cause the confinement of Plaintiff.

35. Plaintiff was conscious of his confinement.

36. Plaintiff did not consent to his confinement.

37. Plaintiff's confinement was not otherwise privileged.

38. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT TWO
## False Arrest,
## 42 U.S.C. §1983 Against
## All Defendants

39.     Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

40.     The Defendants, individually and in concert, and acting under the color of law, deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizures and to their liberty by searching, arresting, confining, causing the confinements, and/or continuing the confinements of Plaintiff without any privilege whatsoever.

41.     Plaintiff was conscious of his confinement.

42.     Plaintiff did not consent to his confinement.

43.     The Defendants each deprived Plaintiff of his rights intentionally, knowingly, willfully, or recklessly, under color of law.

44.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT THREE
## Assault and Battery, New York State
## Tort Law Against All Defendants

45.     Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

46. The Defendants intentionally touched Plaintiff and caused him serious physical injury in the August 2014 incident.

47. The Defendants' touching of Plaintiff was harmful and offensive and occurred without legal justification, excuse, or privilege.

48. Plaintiff did not consent to physical contact by any of the Defendants.

49. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such unlawful conduct, had a duty to intervene and prevent such unlawful conduct, and knowingly and intentionally failed to intervene.

50. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT FOUR
### Excessive Use of Force, 42 U.S.C. § 1983
### Against All Defendants

51. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

52. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

53. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

54. The Defendants each deprived Plaintiff of his rights intentionally,

8

willfully, or recklessly, under color of law.

55. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

### COUNT FIVE
### Malicious Abuse of Process Against All Defendants

56. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

57. The Defendants each maliciously and sadistically abused their government power in their actions toward Plaintiff.

58. These actions were of a kind likely to, and which in fact did, produce substantial injury to Plaintiff.

59. The Defendants treated Plaintiff in a manner that shocks the conscience.

60. The Defendants thus violated Plaintiff's right to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution.

61. The Defendants each deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

62. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

**COUNT SIX**
**Due Process/ Fair Trial, Against**
**Individually Named Defendants**

63. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

64. The individually named Defendants deprived Plaintiff of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by manufacturing false evidence through his account that Plaintiff had resisted arrest.

65. SAVELLA used this false evidence to initiate criminal proceedings against Plaintiff.

66. The State thereafter used this evidence to initial criminal proceedings against Plaintiff.

67. As a result, Plaintiff was deprived of their liberty.

68. SAVELLA and the deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

69. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

**COUNT EIGHT**
*Respondeat Superior*
**Liability Against the City**
**of New York**

70. Plaintiff repeats and realleges each and every allegation above as

10

if fully set forth herein.

71. The aforementioned conduct of the Defendants occurred while they were on duty and were within the scope of their authority as officers.

72. Thus, Defendant City of New York is liable to Plaintiff for his damages under the doctrine of *respondeat superior* for the actions of the officers in the August 2014 arrest.

## COUNT NINE
### Failure To Intervene

73. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

74. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

75. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

76. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore allege.

## COUNT NINE
### *MONELL*

77. Plaintiff repeat and reallege each and every allegation as if fully set forth herein.

78. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

79. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

80. The City, through its police department, has a *de facto* quota police that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

81. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

82. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

83. These policies, practices, and customs were the moving force behind plaintiffs' injuries.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff requests that this Court:

a) Award compensatory damages against the defendants, jointly and severally;

b) Award punitive damages against the individual defendants, jointly and severally;

c) Award costs of this action to the plaintiff;

d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

e) Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a jury trial.


DATED:   Brooklyn, New York
         June 28, 2016

                                    _____
                                    Afsaan Saleem, Esq.

                                    The Rameau Law Firm
                                    16 Court Street, Suite 2504
                                    Brooklyn, New York 11241
                                    rameaulawny@gmail.com

                                    *ATTORNEYS FOR PLAINTIFFS*


TO:      All Defendants
         Corporation Counsel of the City of New York

13